UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY LAVONNE WARGNIER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL CITY MORTGAGE, INC., *et al*.<br><br>Defendants. | Civil No. 09cv2721-L(JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE THIRD AND SEVENTH CAUSES OF ACTION AND GRANTING PLAINTIFF LEAVE TO AMEND** |

This is an employment discrimination action where Plaintiff alleges she was terminated while on maternity leave and contrary to Defendants' promise that she could return to work on the agreed upon date. Plaintiff filed a complaint alleging pregnancy discrimination in violation of 42 U.S.C. Sections 200e *et seq*., pregnancy discrimination in violation of California Government Code Section 12945(a), pregnancy discrimination in violation of California Constitution, Article I, Section 8, tortious discharge in violation of public policy, breach of contract, breach of the implied covenant of good faith and fair dealing, failure to pay wages in violation of California Labor Code Sections 201 *et seq*. and 2926, and defamation *per quod*. Defendants filed a motion to dismiss the third and seventh causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is **GRANTED WITH LEAVE TO AMEND**.

1  A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Defendants argue that the third cause of action for violation of California Constitution Article I, Section 8 should be dismissed because there is no private rights of action for violation of this constitutional provision. They rely solely on *Himaka v. Buddhist Churches of America*, 919 F. Supp 332 (N.D. Cal. 1995). In her opposition, Plaintiff relies solely on *Scott v. Solano County Health and Social Services Department*, 459 F. Supp. 2d 959 (E.D. Cal. 2006). Accordingly, neither party has cited any binding authority on this issue of California law.

> [A] federal court interpreting state law is bound by the decisions of the highest state court. . . . Where the state supreme court has not spoken on an issue presented to a federal court, the federal court must determine what result the state supreme court would reach based on state appellate court opinions, statutes, and treatises.

*Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994) (citations omitted).

Neither party cites any binding authority addressing the issue whether there is a private right of action for damages for pregnancy discrimination directly under the California Constitution. Although Article I, Section 8 provides a public policy basis for the tort of discharge in violation of public policy, *Badih v. Myers*, 36 Cal. App. 4th 1289 (1995) (pregnancy

discrimination); *see also Rojo v. Kliger*, 52 Cal. 3d 65, 89-91 (1990), this alone is not a reason to find that a private right of action for damages exists directly under the constitution and independently of the tort claim, as asserted in Plaintiff's complaint. *See Katzberg v. Regents of the Univ. of Cal.*, 29 Cal.4th 300, 324 n.23 (2002).

In *Katzberg* the California Supreme Court articulated a framework for determining the existence of a damages action based on a violation of a California Constitution. *Id.* at 317. Neither party addressed this framework or briefed the relevant issues. Nevertheless, under *Katzberg* the existence of an adequate alternative remedy – the common law tort for termination in violation of public policy – counsels against the finding of a free-standing private right of action. *See id.* at 326-27; *see also Degrassi v. Cook*, 29 Cal.4th 333, 342-43 (2002).

Accordingly, Defendants' motion to dismiss the third cause of action is **GRANTED**. Plaintiff is granted **LEAVE TO AMEND** her fourth cause of action for tortious discharge in violation of public policy to include, if she so chooses, Article I, Section 8 of the California Constitution as another policy basis for her claim.

Defendants also maintain that Plaintiff failed adequately to allege the seventh cause of action for failure to pay wages under California Labor Code Sections 201 and 2926. Plaintiff alleges she had a right under her employment contract to a 60 days' notice of termination, which Defendants failed to give. Had Defendants complied with the 60 days' notice requirement, then Plaintiff would be entitled to 60 days more of wages pursuant to sections 201 and 2926. She seeks damages for wages lost due to failure to give her the requisite notice.

Defendants argue that Plaintiff cannot state a claim for violation of sections 201 and 2926 because these provisions require payment of unpaid wages at the date of termination for services rendered up to that date. Plaintiff was terminated without notice and therefore did not render any services during the notice period. Defendants maintain that her claim for unpaid wages therefore cannot arise under sections 201 and 2926.

Neither party cites any case law interpreting sections 201 and 2926 in the context of failure to give notice. Assuming the truth of Plaintiff's factual allegations, as the court must, *Cahill*, 80 F.3d at 337-38, Plaintiff was entitled to a 60 days' notice under the terms of her

employment contract.  Defendants' failure to give notice deprived her of 60 days of work.  Had Defendants given Plaintiff the requisite notice, they would have been required by sections 201 and 2926 to pay her on the date of termination the unpaid wages had she earned through that date.  Although they object to the Labor Code claim, Defendants concede that, assuming Plaintiff had a right to 60 days' notice, she may have a breach of contract claim for lost wages during the notice period.[1]  (Defs' Reply at 3; *see also* Defs' Mem. of P.&A. at 4.)

Although sections 201 and 2629 require timely payment of unpaid wages earned through the date of termination, the gravamen of Plaintiff's claim is failure to give notice and not failure to timely pay her unpaid wages at the time of termination.  Based on Plaintiff's allegations, her damages arise out of Defendants' failure to five notice rather than their failure to comply with sections 201 and 2926.  Accordingly, Defendants' motion to dismiss the seventh cause of action is **GRANTED**.  Plaintiff is granted **LEAVE TO AMEND** to allege breach of contract for failure to give 60 days' notice.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' motion to dismiss the third and seventh causes of action is **GRANTED WITH LEAVE TO AMEND**.

2. If Plaintiff chooses to file an amended complaint, she must do so no later than **July 9, 2010**.  Defendants shall respond to the amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).  If Plaintiff chooses not to file an amended complaint, Defendants shall respond within the same period of time calculated from July 9, 2010.

**IT IS SO ORDERED**.

DATED: June 24, 2010

M. James Lorenz
United States District Court Judge

---

[1] While Plaintiff alleged a breach of contract claim in her fifth cause of action, the claim is not based on failure to give notice.

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL