# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KELLY LAVONNE WARGNIER, | CASE NO. 09cv2721-GPC-BGS |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | **(1) DENYING DEFENDANTS' MOTION FOR RECONSIDERATION** |
| NATIONAL CITY MORTGAGE INC., et al., | **(2) DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS** |
| Defendant. | [Dkt. Nos. 67, 70] |

Defendants have filed a second motion for reconsideration of the Court's March 29, 2012 order granting in part and denying in part Defendants' motion for summary judgment. (Dkt. No. 67.) Plaintiff has filed a motion for Rule 11 Sanctions against Defendants' attorneys. (Dkt. No. 70.) For the reasons discussed below, the Court **DENIES** Defendants' motion for reconsideration and **DENIES** Plaintiff's request for sanctions.

## BACKGROUND

Plaintiff Kelly Lavonne Wargnier ("Wargnier") is a former employee of Defendant National City Mortgage ("NCM.") On or around February 28, 2008, and during Wargnier's leave of absence to deliver a baby, Wargnier was terminated

from her position.(Dkt. No. 42 at 4.) Wargnier filed a charge with the Equal Employment Opportunity Commission (EEOC), which found that NCM had discriminated against Wargnier on the basis of her pregnancy. (Id. at 5.) Following receipt of her right to sue letter, Wargner filed the instant action. (Id.) Wargnier alleges the following causes of action: (1) Violation of Title VII, PDA; (2) Violation of California Government Code § 12945(a); (3) Common Law Pregnancy Discrimination; (4) Tortious Discharge in Violation of Public Policy; (5) Breach of Contract; (6) Breach of Implied Covenant of Good Faith and Fair Dealing; (7) Violations of Labor Code §§ 201, *et seq.* and 2926 ; and (8) Defamation.

In an order dated March 29, 2012, Judge Whelan granted in part and denied in part Defendants' summary judgment motion and Plaintiff's partial summary-judgment motion. (Dkt. No. 42, "MSJ Order.")

On May 17, 2013, Defendants filed a motion for reconsideration. (Dkt. No. 51.) Judge Whelan denied the motion for reconsideration on October 22, 2012. (Dkt. No. 57, "Order Denying Reconsideration.")

On February 12, 2013, this case was reassigned to Judge Curiel. (Dkt. No. 63.)

## DISCUSSION

**1. Motion for Reconsideration**

For the second time, Defendants seek reconsideration of the MSJ Order. Defendants bring their motion pursuant to Fed. R. Civ. P. 54(b) and 60(b)(6). In opposition, Plaintiff asserts Defendants' motion is untimely, fails to comply with Local Rule 7.1.i.2, and cannot be property brought under Fed. R. Civ. P. 54(b) or 60(b).

Although the MSJ Order and Order Denying Reconsideration were issued last year, the Court may still consider an interlocutory order which "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. Civ. R. P. 54. Plaintiffs accurately

point out that the local civil rules require a motion for reconsideration be filed within 28 days after entry of the ruling. L. Civ. R. 7.1.i.2 ("Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight days after the entry of the ruling order or judgment sought to be reconsidered.") Here, the MSJ order was filed in March 2012 and the Order Denying Reconsideration in October 2012. Although the local civil rules do not provide an exception under Federal Rule of Civil Procedure 54, this Court has the inherent power to reconsider and modify interlocutory orders before entering a final judgment. Accordingly, despite lack of timeliness, the Court will apply a limited review of the Defendants' motion and apply case of the law doctrine.

"Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988) (citations omitted). Application of the law of the case doctrine is discretionary and applies "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983); Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the "law of the case doctrine," one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case). For the law of the case doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quoting Liberty Mut. Ins. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)). The doctrine was developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single, continuing lawsuit. Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005). However, the law of the case doctrine comes with some exceptions. A district court's decision to

apply the doctrine will be deemed an abuse of discretion if "(1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." Lummi Indian Tribe, 235 F.3d at 452.

Defendants argue that each adverse finding against them was made in clear error and results in manifest injustice; they do not assert any intervening change in law, new evidence, or changed circumstances. Defendants seek reconsideration of the order denying summary judgment on each the following claims: breach of contract, breach of the implied covenant of good faith and fair dealing, defamation, and discrimination.

The Court will not reconsider arguments and law that were previously considered and ruled upon by the Court. A review of the Defendants' first motion for reconsideration reveals that Defendants' present motion reflects the exact same arguments, facts and case law. (See Dkt. No. 51, compare to, Dkt. No. 67.) Defendants even fail to rectify the deficiencies in their arguments pointed out by the Court in the Order Denying Reconsideration. For example, in denying the first motion for reconsideration, the Court stated "NCM gives neither an explanation as to how or why the [alleged defamatory] statements are absolutely privileged nor applies section 47(b) and Williams to the facts at hand." (Order Denying Reconsideration at 4.) Rather than remedy their legal argument and apply the law to the facts, Defendants merely rehash the very same arguments that failed before Judge Whelan. (Def. Mtn. at 22-25.)

The Court reminds Defendants that reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. See Kona Enters. v. Estate of Bishop, 229 F.3d 887, 890 (9th Cir.2000). Nor is it a mechanism for the parties "to ask the court to rethink what the court has already thought through—rightly or wrongly." United States v.

Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). Rather, reconsideration is an "extraordinary remedy" that is to be used "sparingly." Kona, 229 F.3d at 890. "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

Upon review of Defendants' arguments previously considered and ruled upon by Judge Whelan, the Court concludes that there is no showing of clear error or manifest injustice to support reconsideration. There is no indication that Judge Whelan did not carefully consider the law and the facts, and his legal conclusions in the MSJ Order and Order Denying Reconsideration are sound. Defendants' bald assertion that Judge Whelan's findings are a "clear error of law" and result in "manifest injustice" are conclusory. As a result, the Court declines to reconsider Defendants' challenge to the Court's findings on Plaintiff's breach of contract, breach of covenant of good faith and fair dealing, discrimination and defamation claims.

For these reasons, the Court **DENIES** Defendants' motion for reconsideration.

**2. Motion for Rule 11 Sanctions**

Plaintiff presents seven reasons why sanctions are in order against Defendants:

> 1. Filing a second motion for reconsideration of a matter that has already been thoroughly vetted on a prior motion for reconsideration is such an unusual occurrence under the federal rules that there should, at minimum, be an unusual reason stated for bringing the motion.
> 2. Defendants have not stated new facts, change in intervening law, clear error or manifestly unjust ruling, or other unusual circumstances, as is normally required for a motion for reconsideration under the federal rules, much less, a second motion for reconsideration of a prior motion for reconsideration.
> 3. Defendants challenge multiple claims without actually showing any clear error of law.
> 4. Rather than directly address the Court's October 22, 201 analysis, defendants have, rather, presented essentially the same arguments in their second as in their first motion for reconsideration.
> 5. Defendants' failure to seek leave prior to filing a motion for reconsideration.

> 6. Defendants' failure to seek certification of any issue or file writ of petition with the higher court.
> 7. Defendants' efforts are out of proportion to the case before the Court, and the case is now being driven by attorney fees under section 1988. (Dkt. No. 70 at 1-2.)

Rule 11 provides that "by presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of [his] knowledge, information, and belief, formed after reasonable inquiry under the circumstances

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

Fed.R.Civ.P. 11(b). A finding of actual "bad faith" is not necessary to impose sanctions under Rule 11. Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797, 800 (9th Cir.1986). Sanctions are appropriate "when a pleading which has been filed 'is frivolous, legally unreasonable, or without factual foundation.' " Id. (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986)); accord Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). The standard governing both the "improper purpose" and "frivolous" inquires, as set forth in Rule 11(b) is an objective standard of reasonableness. G.C. & K.B. Inv. Inc., 326 F.3d at 1109.

Although Defendants fail to offer new facts or law in their motion for reconsideration, as discussed above, Defendants' motion is not improper or frivolous. Defendants have provided sufficient authority upon the second motion for reconsideration that is based in law and fact. While the arguments were insufficient to overcome the high hurdle for reconsideration, the filing of the motion alone does not suggest an improper motive or purpose. As Defendants' cite in their

brief, under certain circumstances, Courts may reconsider previous findings until the final order of judgment.  Moreover, the attorneys' filing of the motion represents zealous representation of their clients.  As held by the Ninth Circuit, counsel "owe[s] a duty to her client to continue to press for reconsideration as long as . . . her arguments were soundly based in fact and in law."  Conn v. Borjorquez, 967 F.2d 1418, 1421 (9th Circuit 1992).  The Court will not impose sanctions upon the Defendants' attorneys, whose motion is soundly based in law and fact, and whose filing merely attempted to present their arguments before a newly assigned judge. For these reasons, the Court **DENIES** Plaintiff's motion for Rule 11 sanctions.

**CONCLUSION**

For the above stated reasons, the Court hereby **DENIES** Defendants' motion for reconsideration and **DENIES** Plaintiff's motion for sanctions.  Accordingly, the Court **VACATES** the hearing date set for Friday, July 26, 2013.

**IT IS SO ORDERED.**

DATED: July 22, 2013

HON. GONZALO P. CURIEL
United States District Judge